FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 02, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN BURGESS, individually, BRUCE WOLF, as the court-appointed Personal Representative of the Estate of DEBORA M. BURGESS and on behalf of all statutory wrongful death beneficiaries,<br><br>             Plaintiff,<br><br>  v.<br><br>DAIMLER TRUCK NORTH AMERICA, LLC, a Delaware limited liability company; HTS LOGISTICS, INC, an Illinois corporation; SAHIL TAYA, husband; JANE DOE TAYA, wife; and XYZ CORPORATIONS (1-5),<br><br>             Defendants. | Case No. 1:23-CV-03054-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART DAIMLER TRUCK NORTH AMERICA, LLC'S MOTION FOR PROTECTIVE ORDER<br><br>**ECF No. 33** |

Before the Court is Daimler Truck North America, LLC's ("DTNA") Motion for Protective Order Relating to Plaintiffs' Notice of 30(b)(6) Deposition to DTNA. ECF No. 33. On February 1, 2024, the Court held a hearing on the motion. Kenneth Friedman, Kevin Coluccio, Peter Mullenix, and Lincoln Sieler

ORDER - 1

1  appeared on behalf of Plaintiffs.  Michael Kleffner and James Murphy appeared on
2  behalf of DTNA.  Skyler Urban appeared on behalf of Defendants HTS Logistics,
3  Inc., and Sahil Taya.
4     DTNA moves for a protective order to limit or prohibit inquiry into certain
5  topics listed in Plaintiffs' First Amended Rule 30(b)(6) Notice of Videotaped
6  Deposition, served December 6, 2023 ("the Notice").  ECF No. 34-1.  For the
7  reasons stated at the hearing and below, the motion is granted in part and denied in
8  part.

9  **BACKGROUND**

10    The following facts are alleged in Plaintiffs' Complaint, ECF No. 1.  DTNA
11  manufactured and sold a 2022 Freightliner Cascadia semi-truck (the "semi-truck").
12  ECF No. 1 at 4 ¶ 1.13.  Defendant HTS Logistics, Inc., ("HTS") operated the semi-
13  truck.  ECF No. 1 at 3 ¶ 1.9.  Defendant Sahil Taya is a truck driver for HTS, and
14  drove the semi-truck.  ECF No. 1 at 3 ¶ 1.10.
15    On August 15, 2022, Mr. Taya was driving the semi-truck and pulled into a
16  Pilot Truck Stop in Ellensburg, Washington.  ECF No. 1 at ¶ 3.5.  Debora Burgess
17  was walking through the parking lot at the Pilot Truck Stop, and Mr. Taya failed to
18  see her.  ECF No. 1 at 6 ¶ 3.6.  The semi-truck ran over Ms. Burgess and dragged
19  her 150 feet, causing grave and fatal injuries.  ECF No. 1 at 6 ¶ 3.7.  Ms. Burgess
20  passed away on August 16, 2022.  ECF No. 1 at 6 ¶ 3.9.

ORDER - 2

On April 19, 2023, Plaintiffs Stephen Burgess, Ms. Burgess's husband, and Bruce Wolf, personal representative of Ms. Burgess's estate, filed their Complaint, alleging that Defendants were negligent and that DTNA is strictly liable. ECF No. 1 at 25-28 ¶¶ 4.1-5.17. Plaintiffs allege that the semi-truck lacked a "standard and non-optional forward collision/pedestrian detection and warning system or a forward collision collision/pedestrian detection, warning, and avoidance system." ECF No. 1 at 24 ¶ 3.64. On December 5, 2023, Plaintiffs served the Notice on DTNA. ECF No. 34-1.

## LEGAL STANDARD

The "scope of discovery" includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The scope is defined with consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of discovery is "broad." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014).

ORDER - 3

A district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Fed. R. Civ. P. 30(b)(6) provides for depositions of entities. Notices of deposition issued under Fed. R. Civ. P. 30(b)(6) "must describe with reasonable particularity the matters for examination" and imposes a duty upon the deponent corporation to prepare witnesses to fully respond. Fed. R. Civ. P. 30(b)(6); *Key v. U.S. Greenfiber, LLC*, No. 4:21-cv-00233-DCN, 2023 WL 1392058, at *2 (D. Idaho Jan. 31, 2023).

## DISCUSSION

The Notice includes nineteen topics. ECF No. 34-1. DTNA seeks a protective order to limit or preclude inquiry into topics 1-8, 13-15, and 17-19, for various reasons. ECF No. 33. The Court considers, for each of these topics, whether the topic is within the scope of discovery, whether the topic is stated with reasonable particularity, and whether DTNA has met its burden for a protective order as to the topic.

ORDER - 4

**A. Topics 1-4**

Topics 1-4 ask (1) where DTNA placed "safety" among other criteria, (2) whether DTNA factored third party safety into its decision to sell trucks and to what extent, (3) whether a semi-truck with a detection system is safer than a semi-truck without one, and (4) whether a semi-truck with a detection system is less useful than a semi-truck with one.  ECF No. 34-1 at 3.

DTNA argues that these topics should be limited at deposition because they seek information in furtherance of "reptile tactics."  ECF No. 33 at 5.  "Reptile tactics," as DTNA argues, seek to leverage a juror's "reptilian brain" to artificially increase a damages award.  ECF No. 33.

Information is not made undiscoverable for fear of misuse.  DTNA may raise objections for prejudice in a motion *in limine* or at trial.  ECF No. 33 at 4; *see Rosas v. Geico Cas. Co.*, No.: 2:18-cv-01200-APG-NJK, 2022 WL 2439575, at *1 (D. Nev. Jan. 26, 2022).  At this point in litigation, the rules are concerned with whether the evidence is relevant, proportional, or whether a protective order is needed.  *See* Fed. R. Civ. P. 26(b)-(c); *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 538-39 (9th Cir. 2020); *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-65 (D. Ariz. 2016).

DTNA's compliance with industry customs for safety, whether it attempted to ensure its products were safe, or whether it disregarded safety, are relevant to

ORDER - 5

Plaintiffs' allegations and the merits of the case. ECF No. 1 at 25-31; *see* RCW 7.72.030; *Morris v. Mitsubishi Motors N. Am., Inc.*, 782 F. Supp. 2d 1149, 1154-56 (E.D. Wash. 2011). DTNA has failed its "burden of showing specific prejudice or harm[.]" *Phillips*, 307 F.3d at 1210-11.

DTNA protests that topics 1-4 call for impossible answers because considerations for safety and sales are done collectively. ECF No. 33 at 5. Preparing a Fed. R. Civ. P. 30(b)(6) deponent "can be burdensome," but that burden stems "from the privilege of being able to use the corporate form in order to conduct business." *Vantage Mobility International, LLC v. Kersey Mobility, LLC*, No. CV-19-04684-PHX-JJT, 2021 WL 148651, at *2 (D. Ariz. Jan. 15, 2021). It is no excuse "that a corporation no longer employs individuals who have memory of distant events." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). Fed. R. Civ. P. 30(b)(6) carries with it a duty to adequately educate and prepare a witness, the failure to do so may amount to a nonappearance subject to sanctions. *Id.* at 542. However, the corporation is obliged to educate and prepare the witness only on matters that are "reasonably available" to it. *Id.* at 540. A Fed. R. Civ. P. 30(b)(6) deponent's answers bind the corporation. *Id.* at 538.

The Court disagrees that the topics call for impossible responses. DTNA does not contest that it can "provid[e] testimony on 'factors and considerations'

ORDER - 6

that are known or reasonably available to DTNA" but objects to being asked to "'rank' factors regarding their 'relative level of importance[.]'" ECF No. 33 at 7. DTNA's duty under Fed. R. Civ. P. 30(b)(6) obliges it to review its records and interview employees that "are reasonably available," and to prepare the witness to answer the question as completely as is practicable. *Great Am. Ins. Co. of N.Y.*, 251 F.R.D. at 539 ("Rule 30(b)(6) is not designed to be a memory contest.").

Some of DTNA's objections to topics 1-4 appear to be the result of a miscommunication. The language of topics 1-4 might be read to call for improper speculation or opinion from DTNA's 30(b)(6) witnesses. ECF No. 24-1 at 3 ¶ 1 (asking "the relative level" of importance DNTA placed on safety), 3 ¶ 2 (asking "to what extent" DTNA factored in safety, 3 ¶¶ 3-4 (asking whether a truck with a detection system is more or less safe and more or less useful than one without).

DTNA is under no duty to conduct a renewed safety analysis or to provide opinion testimony on safety or usefulness. DTNA's duty is to collect the information reasonably available to it and to produce a witness to testify as to that information. *Great Am. Ins. Co. of N.Y.*, 251 F.R.D. at 539. If DTNA did not use any rating or ranking system for safety while manufacturing and selling semi-trucks, it cannot be expected to invent one now. Plaintiffs are entitled to ask whether and how DTNA considered safety in its operations.

ORDER - 7

DTNA's motion for a protective order as to topics 1-4 is denied in part. DTNA's motion is granted in part to the extent that DTNA is not required to provide a renewed analysis or offer opinion testimony as part of its Fed. R. Civ. P. 30(b)(6) obligations.

**B. Topics 5-6**

Topics 5 and 6 inquire into DTNA's communications with the NTSB and NHTSA and internal deliberations regarding the same. ECF No. 34-1 at 4.

DTNA explains that in 2015, NTSB issued two recommendations to truck manufacturers to increase safety after an investigation into rear-end crashes. ECF No. 33. DTNA argues that topics 5 and 6 improperly seek information related to the recommendations, because this case does not involve a rear-end crash. ECF No. 33. Further, the NHTSA published performance standard for automatic emergency braking systems which did not include pedestrian detection functionality. ECF No. 33 at 9. DTNA argues that "it would be an egregious mixing of 'apples and oranges' to allow Plaintiffs to obtain testimony regarding 2015 NTSB recommendations that had nothing to do with mitigating injuries to pedestrians." ECF No. 33 at 9.

Relevancy is construed broadly, here, and DTNA's compliance or incompliance with safety regulations and guidance from regulators is relevant. *Key*, 2023 WL 1392058, at *1; *Williams-Sonoma*, 947 F.3d at 539 (The scope of

ORDER - 8

discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case[.]"). The various systems at issue are related. Their development, regulation, and DTNA's response to regulator inquiry is relevant. DTNA's motion for a protective order, as related to topics 5 and 6, is denied.

### C. Topics 7-8

Topics 7 and 8 seek information on the evolution of safety systems like the one at issue in this case, and the components of such systems. ECF No. 34-1 at 4. DTNA argues that the topics should be limited to the specific systems at issue in this case. ECF No. 33 at 9-10. DTNA's knowledge of related and precursor systems, their feasibility, and effectiveness is relevant. The topics seek relevant and discoverable information. Fed. R. Civ. P. 26(b)(1).

DTNA argues that the topic is overbroad. ECF No. 37 at 8-9. While there may be a large number of systems at issue with a long history, the information appears to be reasonably available to DTNA, and the burden of preparing and educating witnesses is not in excess of what Fed. R. Civ. P. 30(b)(6) requires. *See Vantage Mobility International*, 2021 WL 148651, at *2.

As found the hearing, the Court declines to grant a protective order on topics 7 and 8. The parties are directed to confer on the issue and notify the Courtroom Deputy, by email at Cora_Vargas@waed.uscourts.gov, if agreement cannot be

ORDER - 9

reached.

**D. Topic 13**

Topic 13 asks about the increase in manufacturing cost that would have been incurred if the semi-truck was manufactured with an obstacle detection system. ECF No. 34-1. DTNA argues that "Rule 26 does not require DTNA to conduct impossible retrospective studies of this type, particularly when the subject matter is irrelevant to the facts at issue." ECF No. 37 at 9-10. At issue in this case is "the burden on the manufacturer to design a non-harmful product that still fulfills the product's intended purpose." *Morris*, 782 F. Supp. 2d at 1156. Cost is relevant to that question. DTNA may, at deposition, respond that the information sought is not reasonably attainable. But, Plaintiffs are entitled to ask the question, and to hold DTNA to its answers. DTNA's motion for a protective order related to topic 13 is denied.

**E. Topic 14**

Topic 14 asks for DTNA's agreement or disagreement with a NHTSA study into certain safety systems and why it so agrees or disagrees. ECF No. 34-1 at 6. DTNA argues that it should not be made to study the 124-page report and prepare witnesses to respond. ECF No. 33 at 10-11. Plaintiffs argue that DTNA cited the study in a notice of proposed rulemaking to the NHTSA. ECF No. 35 at 11.

ORDER - 10

To require DTNA to read the lengthy study, analyze it, respond to it, and prepare a witness on it, would not be proportional to the needs of the case and would likely require significant effort to attain mostly irrelevant information. Fed. R. Civ. P. 26(b)(1). Further, although DTNA cited at least a part of the study in the past, it is plausible that much of the study would fall outside of the information reasonably available to DTNA. Fed. R. Civ. P. 30(b)(6); *Key*, 2023 WL 1392058, at *2.

DTNA's motion for a protective order regarding topic 14 is granted in part. Plaintiffs may inquire into any public statements that DTNA has made, the basis of those statements, and the extent that DTNA analyzed the NHTSA study in the past. DTNA's Fed. R. Civ. P. 30(b)(6) obligation shall include preparing a witness knowledgeable on DTNA's familiarity with the study and the extent that DTNA contests the study's findings. DTNA is not obligated to conduct a renewed analysis of the study.

**F.  Topic 15**

Topic 15 asks "[t]he full rationale" behind DTNA's decision to sell semi-trucks with and without detections systems. ECF No. 34-1 at 7. DTNA objects to this topic on the same basis it objects to topics 1-4. ECF No. 33 at 6-7. For the same reasons discussed above and at the hearing related to topics 1-4, DTNA's motion for a protective order is denied.

ORDER - 11

1    DTNA shall not be required to "rank" or "rate" factors involved in making

2  and selling trucks.  But, if decisions in the past were informed by "ranking" or

3  "rating" related to selling semi-trucks with and without obstacle detection systems,

4  it is within DTNA's Fed. R. Civ. P. 30(b)(6) obligation to prepare a witness

5  knowledgeable on DTNA's decision-making.

6    **G. Topic 17-18**

7    Topic 17 asks about DTNA's research into, and general understanding of,

8  the potential harms that could be avoided if it did not sell semi-trucks without a

9  detection system.  ECF No. 34-1 at 7.  Topic 18 asks whether DTNA quantified the

10 cost of human injury resulting from selling semi-trucks without detection systems.

11 ECF No. 34-1 at 7.  DTNA objects to topics 17 and 18 on the same grounds

12 offered for topics 1-4, that they are "reptilian and argumentative."  ECF No. 33 at

13 7.  The Court rejects those arguments for the reasons explained above.

14   DTNA further argues that "[t]he obvious intent of [topics 17 and 18] is to

15 get DTNA to admit it did not do something that is impossible to do."  ECF No. 33

16 at 7 (emphasis omitted).  If DTNA did or did not do something, that is a fact that is

17 proper inquiry at deposition.  DTNA may argue the admissibility of the fact in a

18 motion *in limine*, or may argue the probity of the fact at trial.  For the Court's

19 instant purposes, it suffices that the fact is relevant.  Fed. R. Civ. P. 26(b)(1).

20   DTNA's motion for a protective order related to topics 17 and 18 is denied.

ORDER - 12

### H. Topic 19

Topic 19 asks for all facts supporting certain affirmative defenses raised in DTNA's answer. ECF No. 34-1 at 7. DTNA argues that the inquiry would infringe into attorney work product, which is privileged, and otherwise not reasonably available to DTNA. ECF No. 33 at 11.

As the District of Utah has explained,

> Courts have reached differing conclusions on this issue, with some holding that seeking the factual basis of affirmative defenses through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable. Those courts conclude that it is improper to question a lay Rule 30(b)(6) designee regarding a party's legal contentions since affirmative defenses are determined by counsel rather than the parties. Other courts, however, conclude that a party can inquire of a 30(b)(6) designee as to the factual bases of an opposing party's claims and defenses.

*Ward v. Nesibo*, No. 4:22-cv-00054-DN-PK, 2023 WL 3391145, at *4 (D. Utah May 11, 2023) (collecting cases) (cleaned up). "Contention interrogatories are sometimes a more appropriate discovery vehicle than a Rule 30(b)(6) deposition where a party seeks 'to use a 30(b)(6) deposition to explore the facts underlying the legal claims and theories asserted by' the opposing party." *Stemcell Tech. Canada, Inc. v. StemExpress, LLC*, No. 21-cv-01594-VC, 2022 WL 2132930, at *2 (N.D. Cal. June 14, 2022).

ORDER - 13

Topic 19 fails Fed. R. Civ. P. 30(b)(6)'s "reasonable particularity" requirement. *Key*, 2023 WL 1392058, at *8. DTNA "has no obligation to prepare deponents to testify on topics not noticed with reasonable particularity." *Id.*

However, it is plain that the facts behind DTNA's affirmative defenses are within the scope of discovery. Fed. R. Civ. P. 30(b)(6). At the hearing, the Court proposed, and the parties agreed, that further discovery on the issue should predicate inquiry into DTNA's affirmative defenses in deposition. Plaintiffs explained that they have met their limit for interrogatories under Fed. R. Civ. P. 33(a)(1) (limit is 25 written interrogatories). DTNA did not oppose Plaintiffs' suggestion to serve four interrogatories beyond Fed. R. Civ. P. 33's limit.

The Court agrees, and finds good cause to permit Plaintiffs to serve upon DTNA additional interrogatories. As discussed at the hearing, the interrogatories shall be drafted with good faith and be limited to four. If further disputes shall arise, the parties are directed to contact the Courtroom Deputy to schedule a video discovery conference.

Accordingly, **IT IS HEREBY ORDERED:**

1.  DTNA's Motion for Protective Order Relating to Plaintiffs' Notice of 30(b)(6) Deposition to DTNA, **ECF No. 33**, is **GRANTED in part** and **DENIED in part.**

ORDER - 14

2.   Plaintiffs are permitted to serve four written interrogatories to DTNA in excess of the presumptive limit provided the Federal Rules of Civil Procedure.

3.   In the event that another discovery dispute arises, after good faith efforts to meet and confer to resolve the issue, the parties shall notify the Courtroom Deputy by email at Cora_Vargas@waed.uscourts.gov to schedule a video discovery conference.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide copies to counsel.

DATED February 2, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 15