Richard H. Friedman, WSBA #30626
Kenneth R. Friedman, WSBA #17148
Lincoln D. Sieler, WSBA #20774
Michael A. Angiulo, WSBA #58343
FRIEDMAN|RUBIN PLLP
1126 Highland Avenue
Bremerton, WA 98337
Phone: (360) 782-4300 Fax: (360) 782-4358
rfriedman@friedmanrubin.com
kfriedman@friedmanrubin.com
lsieler@friedmanrubin.com
mangiulo@friedmanrubin.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN BURGESS, individually, and BRUCE WOLF, as the court-appointed Personal Representative of the Estate of DEBORA M. BURGESS and on behalf of all statutory wrongful death beneficiaries,<br><br>Plaintiffs,<br>v.<br><br>DAIMLER TRUCK NORTH AMERICA, a Delaware limited liability company; HTS LOGISTICS, INC., an Illinois corporation; SAHIL TAYA and JANE DOE TAYA, husband and wife; and XYZ Corporations (1-5).<br><br>Defendants. | NO.  1:23-CV-03054-MKD<br><br>**PLAINTIFFS' MOTION REGARDING PEREMPTORY CHALLENGES**<br><br>**NOTED FOR CONSIDERATION: 03/18/2026** |

/////

*Burgess, et al. v. DTNA, et al.,* 1:23-CV-03054
PLAINTIFFS' MOTION REGARDING PEREMPTORY
CHALLENGES – Page 1

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA  98101
(206) 501-4446

Plaintiffs Stephen Burgess and Bruce Wolf, as Personal Representative of the Estate of Debora M. Burgess, ask the Court to grant the defendants collectively an equal number of peremptory challenges as those granted to the plaintiffs, pursuant to 28 USC § 1870 and Fed. R. Civ. Pro. 47(b). The defendants are not sufficiently adverse to each other to allow them additional challenges.

28 USC § 1870 provides, in relevant part:

> In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.

Courts have recognized that this statute grants trial courts "complete discretion in apportioning additional peremptory challenges on the basis of multiple parties on either or both sides of a suit." *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir. 2001). "[A]dditional strikes usually are granted when multiple parties on the same side of a suit are antagonistic in some respects and, therefore, may not share the same strategy for striking potential jurors" but "there is no definite rationale in the rules that specifies the circumstances under which a court may grant more than three strikes." *Id.*

Here, Defendants Sahil Taya, and Mr. Taya's employer, HTS Logistics, Inc., have recently stipulated to liability, agreeing that Mr. Taya, at the time Debora Burgess was fatally injured and while in the course and scope of his employment

*Burgess, et al. v. DTNA, et al.,* 1:23-CV-03054
PLAINTIFFS' MOTION REGARDING PEREMPTORY
CHALLENGES – Page 2

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA  98101
(206) 501-4446

with HTS, was negligent in his operation of the 2022 Freightliner Cascadia truck. Following this stipulation, Mr. Taya and HTS and Defendant Daimler Truck North America (DTNA) are aligned. All defendants should therefore be treated as a single party.

Initially, because HTS admits that Mr. Taya was acting in the course and scope of his employment, it is fully liable for his actions. They are legally indistinguishable.

DTNA and Taya/HTS are also aligned with each other. At trial, Plaintiffs anticipate that the biggest contested issue will be whether DTNA's truck was defectively designed. Taya/HTS are not affirmatively claiming that DTNA is liable and so are not adverse to DTNA on this issue. Now that Taya/HTS have stipulated to liability, the only significant area of dispute between them has disappeared.

With regard to other contested issues at trial, DTNA and Taya/HTS are fully aligned. Both assert that Debora Burgess was contributorily negligent in her own death. Both will seek to have the jury assign as high a percentage of fault to Debora Burgess as they can manage. Both will also seek to minimize Mr. Burgess' and the estate's and beneficiaries' damages. Both have indicated that they will seek to establish a superseding cause for the plaintiffs' harms. Both also claim that Mr. Burgess failed to mitigate his damages.

*Burgess, et al. v. DTNA, et al.,* 1:23-CV-03054
PLAINTIFFS' MOTION REGARDING PEREMPTORY
CHALLENGES – Page 3

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

Under these circumstances, there is no reason to give the defendants, in total, more peremptory challenges than the plaintiffs and doing so would unfairly prejudice the plaintiffs.

DATED this 16th day of May, 2026.

FRIEDMAN | RUBIN, PLLP

Kenneth Friedman, WSBA #17148
Richard H. Friedman, WSBA #30626
Lincoln Sieler, WSBA#20774
Richard H. Friedman, WSBA#30626
Peter J. Mullenix, WSBA #37171
Michael A. Angiulo, WSBA #58343
Co-Counsel for Plaintiffs

COLUCCIO LAW

*/s/ Kevin Coluccio*
Kevin Coluccio, WSBA #16245
Co-Counsel for Plaintiffs

*Burgess, et al. v. DTNA, et al.,* 1:23-CV-03054
PLAINTIFFS' MOTION REGARDING PEREMPTORY
CHALLENGES – Page 4

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

## CERTIFICATE OF SERVICE

I, Alexandria Gust, hereby certify that a copy of the foregoing was served on all counsel of record via ECF.

DATED this 16th day of March, 2026, at Tacoma, Washington.



Alexandria C. Gust, Paralegal
FRIEDMAN|RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446
agust@friedmanrubin.com

*Burgess, et al. v. DTNA, et al.,* 1:23-CV-03054
PLAINTIFFS' MOTION REGARDING PEREMPTORY
CHALLENGES – Page 5

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA  98101
(206) 501-4446